■ In the Matter of HOWARD R. WALL, JR., an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— New York State Bar Association's motion for entry of a default judgment by reason of respondent's failure to file an answer in this disciplinary proceeding has been opposed only with respect to the question of punishment. Respondent was admitted to practice in this Department in November, 1953. He is charged with four counts of misconduct. The first charge alleges that in June, 1970 he was retained to file petitions in bankruptcy for which he received a fee of $600, and thereafter neglected to render any services and misled his clients as to the status of the proceedings. The second charge alleges that in August, 1969 respondent, when obtaining a loan, assured the lender that he would repay the loan from the recovery in a pending negligence action; that the action was settled in September, 1969; and that, in spite of numerous requests, respondent neglected to repay the loan. The third charge alleges that in June, 1969 respondent was retained to file bankruptcy proceedings and prepare income tax returns; that he was paid a fee of $500 and given an additional $400 in escrow to meet anticipated tax liabilities; and that he neglected to perform the services, deceived his clients as to the status of the matters and converted the escrow fund to his own use. The fourth charge alleges that respondent refused to co-operate with the Committee on Grievances and misrepresented that he had made an alleged deposit of $250 of trust funds in an account in a Binghamton bank, when in fact no such account ever existed. In support of the motion for a default judgment petitioner has submitted an affidavit of counsel, to which are attached letters and documents in substantiation of the charges set forth in the petition, together with a transcript of an examination of respondent on March 22, 1971. Although respondent defaulted in answering the petition or in opposing the motion for a default judgment, the matter was adjourned at the court's direction to afford respondent an opportunity to appear on the question of punishment. Respondent did thereupon appear by able counsel, who disclosed that respondent's actions were attributable, at least in part, to serious facial and other injuries received in several automobile accidents which occurred prior to the misconduct complained of. Taking these mitigating circumstances into consideration, as well as respondent's otherwise satisfactory record, we determine that respondent should be suspended for a period of one year and thereafter until further order of the court. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Reynolds, JJ., concur.